# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HAROLD BYRON and GLENDA BYRON, INDIVIDUALLY AND AS NEXT FRIEND OF J.B., a minor,**

       **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-1370-Orl-DAB**

**NATIONAL RAILROAD PASSENGER CORPORATION,,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **AMENDED MOTION FOR COURT APPROVAL OF MINOR SETTLEMENT (Doc. No. 31)**
>
> **FILED:** March 6, 2015
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiffs petition the Court to enter an Order approving the settlement of the claims of JB, a minor, and her parents, arising out of the injuries sustained by JB on August 1, 2010. According to the record, Plaintiffs, Glenda Byron and her minor child JB were guests on an Amtrak passenger train. They were returning from a Girl Scout outing with the rest of their troop. The minor child, JB, then 8 years of age, sustained a serious burn injury when an employee of the Defendant negligently prepared and served food in a collapsible container which was provided to the minor child. The container collapsed causing boiling liquid to burn the torso of the minor child with second and third degree burns.

Plaintiffs filed their personal injury suit in state court and, due to the federal Defendant, it was removed here (Doc. 1). The District Court granted a motion to dismiss Mr. Byron's claim (Doc. 28), the matter settled shortly thereafter, and Plaintiff moved for approval of the offer of $71,000.00 in total settlement of all of the claims (Doc. 29).

In view of the fact that the proposed settlement included payment of an amount that exceeds $5,000.00 to a minor, the Court appointed Brian T. Wilson, Esq., as Guardian Ad Litem, to review the settlement for appropriateness (Docs. 32, 33). The Guardian investigated the circumstances and filed his Report (Doc. 35). The Guardian opined that $71,000.00 is an appropriate and favorable settlement, in view of the minor's recovery, the lack of significant long-term scarring, and the limited medical expenses incurred. *Id.* As for distribution of the proceeds, the Guardian recommended that the Court approve the following distribution of settlement funds:

1) Attorney fees and costs: $20,000.00[1]
2) Funds to be paid to Glenda Byron and Harold Byron: $5.000.00[2]
3) Funds used to purchase a structured annuity to benefit the minor child: $46,000.00.

The Guardian recommends that the annuity make annual distributions of $5,000.00 to JB on her 18th, 19th, 20th, and 21st birthdays to cover college expenses, and the balance be distributed on her 25th birthday. In addition, the insurance company issuing the annuity should have an AA rating or higher, and the Defendant should fund the annuity through a qualified assignment to ensure maximum tax benefits (Doc. 35).

The Court held a hearing, attended by all counsel, the Guardian, Mr. and Mrs. Byron, and the minor. Plaintiffs objected to the Report only to the extent it did not provide for a sufficient

---

[1] The Guardian notes that Plaintiffs' counsel has agreed to this reduction of fees otherwise due, as a courtesy to her clients.

[2] The Guardian suggests that any additional costs related to a state court guardianship should be funded out of these monies.

-2-

distribution to Mrs. Byron for her own claim.[3] Upon consideration of the argument at hearing, the exhibits tendered under seal, the personal in-court statements of Mr. and Mrs. Byron, the Guardian's Report, and the wishes of the minor, the Court **finds** that the settlement is in the best interest of the minor and therefore **recommends** that the motion be granted, as follows:

1. Settlement in the total amount be **approved,** with the distribution of $20,000.00 for attorney's fees and costs; $7,500.00 to Mrs. Byron;[4] and $43,500.00 to purchase a structured annuity to benefit the minor child under terms consistent with the recommendations of the Guardian. The parties should be authorized to execute any releases necessary to effectuate the settlement.

2. Should this Report be adopted, upon approval of the settlement, the District Court should **remand** the case back to state court, for administration of any guardianship proceedings deemed appropriate or necessary pursuant to state law procedures.

3. The Guardian Ad Litem, who served without cost as a courtesy to the Court, is hereby discharged from all responsibilities in the case. The Court commends Mr. Wilson for his service in this matter.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 16, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] The original proposed distribution offered by Plaintiffs contemplated that $10,000 be allocated to Mrs. Byron for her claim (Doc. 29). The Amended motion seeks an allocation of $12,000 to Mr. Byron; $24,500 to Mrs. Byron; and $14,500 to the minor child, with the remainder in attorney's fees and costs (Doc. 31).

[4] As noted, Mr. Byron's claim has been dismissed.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy